# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 4, 2013

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**CLEDITH N. KINCAID,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0897**    (BOR Appeal No. 2046740)
(Claim No. 2006018357)

**ALCON, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Cledith N. Kincaid, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alcon, LLC, by Alyssa A. Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 29, 2012, in which the Board reversed a December 19, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's September 2, 2011, decision denying authorization for a right L4-L5 microlumbar discectomy. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Kincaid injured his wrist, neck, and back while climbing down the steps of his truck when the handrail broke, and he fell five feet to the ground. On December 19, 2011, the Office of Judges reversed the claims administrator's decision and granted the requested medical treatment because it constitutes a reasonable medical treatment secondary to the compensable injury of November 10, 2005.

1

The Board of Review reversed the Office of Judges' Order and reinstated the claims administrator's decision denying authorization for the requested medical treatment based on Dr. Thaxton's conclusion. On appeal, Mr. Kincaid disagrees and asserts that the Board of Review was clearly wrong in finding that the surgery was not related to the compensable injury because Dr. Miele and Dr. Biundo related the claimant's symptoms to the work related injury. Alcon, LLC maintains that the Board of Review properly concluded that the requested surgery for the disc herniation should be denied because the reliable medical and factual evidence on record establishes that Mr. Kincaid's L4-L5 right-sided disc herniation has not been added as a compensable component in the claim.

The Office of Judges reversed the claims administrator's decision and granted a L4-L5 microlumbar discectomy because it constitutes reasonable medical treatment secondary to the compensable injury of November 10, 2005. The Office of Judges concluded that the claims administrator and Dr. Thaxton erred in premising its denial of the request based on the difference in the diagnostic impressions in the lumbar MRI scans of October of 2008 and January of 2011 because they are not dispositive of the issue and do not preclude Dr. Miele's request as reasonable medical treatment secondary to the compensable injury. In *Wilson v. Workers' Compensation Comm'r.*, 328 S.E. 2d. 485, 174, W. Va. 61 (1984), this Court stated as a general rule that if a claimant shows he or she received an initial injury, which arose out of and in the course of his employment, then every normal consequence that flows from the injury will arise from his or her employment, but if aggravation of initial injury arises from an independent intervening cause not attributable to the claimant's customary activity then it will not be compensable. It further determined that nothing in the record established that the changes noted in the 2008 and 2011 MRI scans were the result of or an aggravation or progression of an independent intervening cause, which is necessary to preclude Dr. Miele's authorization request as unrelated to the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and the claim is remanded with instructions to grant a right L4-L5 microlumbar discectomy based on the Office of Judges' Order dated December 19, 2011.

Reversed and Remanded

**ISSUED: October 4, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Robin J. Davis

2